UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC WHITED,<br><br>Defendant. | Case No. 23-20358-1<br>Honorable Shalina D. Kumar<br>Magistrate Judge Curtis Ivy, Jr. |

**ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO ATTEND VISITATION AND FUNERAL (ECF NO. 31)**

Defendant Eric Whited filed an emergency motion to attend the funeral of his recently deceased grandmother. ECF No. 31. The Court has reviewed the defendant's motion and the government's response (ECF No. 34) and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f).

Whited moves for a six-hour release from Clare County Jail to attend his grandmother's funeral. The Court considers Whited's request for release first under 28 C.F.R. § 570.42 and then under 18 U.S.C. § 3142.

Under 28 C.F.R. § 570.42(a)(1), an inmate may leave an institution under staff escort "to attend the funeral of . . . a member of an inmate's immediate family. For purposes of this rule, immediate family refers to mother, father, brother, sister, spouse, children, step-parents, and foster

parents." Because Whited's grandmother is not an immediate family member as defined, Whited's requested release does not qualify as a non-medical escorted trip under this regulation. *See id.*

Under 18 U.S.C. § 3142, once an order of detention is issued, a "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of the United States marshal or another appropriate person, to the extent the judicial officer determines such release to be necessary for the preparation of the person's defense or for another compelling reason." 18 U.S.C. 3142(i). To make this determination, the Court considers the factors outlined in 18 U.S.C. § 3242(g).

That Whited has been indicted for conspiracy to carry a firearm during and in relation to a drug trafficking crime, a crime of violence involving a firearm and a controlled substance, weighs against release. *See id.* § 3242(g)(1); ECF No. 22, PageID.38. Moreover, in 2017 Whited was involved in a violent robbery and was accordingly charged with several offenses, including homicide-felony murder, first-degree home invasion, and unarmed robbery. ECF No. 34, PageID.85-86. On February 15, 2022, Whited was convicted of first-degree home invasion and unarmed robbery for the 2017 incident and served a one-year sentence in Genesee County Jail. ECF No. 1, PageID.4. Within a few months after serving his sentence,

Whited was arrested for the violent offense for which he has now been indicted. *Id.* at PageID.7. Because this shows that Whited poses a substantial risk of danger to the community, the Court finds that Whited's criminal history, character, and past conduct weighs against release. *See* 18 U.S.C. § 3242(g)(3)(A).

Accordingly, the Court concludes that release, even a temporary escorted release, is inappropriate under these circumstances. The Court finds that virtual attendance is a satisfactory alternative. Whited shall, therefore, be permitted to watch a live or recorded internet broadcast of his grandmother's funeral service, if that option exists.

Accordingly,

Whited's emergency motion to attend his grandmother's visitation and funeral (ECF No. 31) is **DENIED**. **IT IS FURTHER ORDERED** that government and defense counsel work together with the Clare County Jail to arrange for Whited to attend his grandmother's funeral virtually, either through a Zoom video conference or a livestream available from the funeral home's website.

Dated: July 28, 2023

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge